```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


QUALITY MACHINE                          CIVIL ACTION
MANUFACTURING, INC.

VERSUS                                   NO: 06-0930

DEAN WILLIAMS, INDUSTRIAL                SECTION: "J"(3)
SYSTEM SOLUTIONS, L.L.C.,
VINCENT EBEIER, MIKE
BAGWELL, and MOTION
INDUSTRIES, INC.
```

### ORDER

Before the Court is Plaintiff's **Motion to Remand** (Rec. Doc. 10). All Defendants, except for Industrial Solutions, L.L.C., filed oppositions to this motion. This motion was set for hearing without oral argument on Wednesday, April 12, 2006 and is before the Court on briefs.

### BACKGROUND

Plaintiff filed suit in state court against Dean Williamson, Industrial System Solutions, L.L.C., Vincent Ebeier, Mike Bagwell, and Motion Industries, Inc. (collectively "the Defendants") on January 24, 2006. In its petition, Plaintiff alleged violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1405, and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030 *et seq.*

On February 23, 2006, Defendants removed the case to this court, asserting that there was federal question jurisdiction based on Plaintiff's claims under CFAA. Next, Plaintiff filed a

Notice of Voluntary Partial Dismissal under rule 41 of the Federal Rules of Civil Procedure, dismissing, without prejudice, its claims for damages and relief as set forth in paragraphs 21 and 24 and the prayer for relief in its Petition. (Rec. Doc. 8). Thereafter, Plaintiff filed the instant motion, seeking to remand the case to state court based on its dismissal of the federal claims in the Petition.  Defendants Williamson, Ebeier, Bagwell, and Motion Industries, Inc. ("the opposing Defendants") oppose Plaintiff's motion for remand, asserting that Plaintiff did not dismiss all of its federal claims because paragraph 29 of the Petition continues to seek injunctive relief, which the opposing Defendants claim is only available under federal law. Specifically, the opposing Defendants assert that the Louisiana Unfair Trade Practices Act ("LUTPA") only permits injunctive relief by the state through the attorney general.

Because there was some confusion over the claims Plaintiff dismissed in its Notice of Voluntary Partial Dismissal, the Court contacted Plaintiff's counsel and confirmed that it was, in fact, Plaintiff's intention to dismiss *all federal claims and causes of action, including any claims for injunctive relief available under federal law*.

## DISCUSSION

District courts may decline to exercise supplemental jurisdiction over state law claims in the event all federal law claims are dismissed. See 28 U.S.C. § 1367(c). The Fifth Circuit's general rule is to decline to exercise supplemental jurisdiction over state law claims when all the federal claims

have been dismissed.  Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir.1999).  Courts should also consider the factors of judicial economy, convenience, fairness, and comity. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

In this case, this Court has confirmed that Plaintiff's intention, in filing the Notice of Voluntary Partial Dismissal, was to dismiss all of its federal claims and causes of action, including any claims for injunctive relief available under federal law. Because this litigation commenced in January of this year and because very little activity has occurred in this Court, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Accordingly;

**IT IS ORDERED** that all of Plaintiff's federal claims and causes of action, including any claims for injunctive relief available under federal law are hereby **DISMISSED, without prejudice**.[1]

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Remand** (Rec. Doc. 10) should be and hereby is **GRANTED**, pursuant to 28 U.S.C. § 1367(c)(3), and this matter is hereby **REMANDED** to the 23rd Judicial District Court for the Parish of St. James.

---

[1] Although Plaintiff's federal claims are being dismissed without prejudice, in the event Plaintiff attempts to reassert federal claims after this case is remanded to state court, Defendants may remove this case again.

New Orleans, Louisiana, this  12th  day of April, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE